IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TATIANA WALLACE,

    Plaintiff,

v.                                                            Civ. No. 18-768 SCY-KBM

CAROLYN COOPER,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO REMAND

Plaintiff Tatiana Wallace seeks to recover funds held in the retirement account of her deceased brother. After her brother's death, Plaintiff discovered that her brother neglected to change the beneficiary listed on his account after his divorce. Consequently, all the funds are being held in the name of his ex-wife, instead of his sister, the personal representative of his estate and the sole beneficiary in his will.

Plaintiff filed the present suit in state court to recover the funds. Defendant removed the case to federal court, alleging the existence of subject-matter jurisdiction because federal law preempts Plaintiff's state law claims. Plaintiff now moves to remand the case to state court, arguing that her claims have nothing to do with federal law. The Court agrees that it lacks subject-matter jurisdiction over Plaintiff's state-law claims, and therefore grants the motion to remand to state court. But because the removal was not objectively improper, the Court denies Plaintiff's request for attorney's fees.

I.  **Factual Background**[1]

Plaintiff's brother, William O. Wallace, Jr., married Defendant Carolyn Cooper on May 25, 1973. First Amended Complaint ("FAC"), Doc. 1-1 at 11-17, ¶ 5. William was employed by Sandia National Laboratories ("Sandia") until his retirement on July 9, 2011. *Id.* ¶ 9. While they were married, William named Carolyn as the beneficiary of his retirement fund, the Sandia Corporation Savings and Income Plan ("SIP" or "the fund"). *Id.*

William and Carolyn divorced in 1999. *Id.* ¶ 6. The divorce was finalized upon the filing and court approval of a Marital Settlement Agreement ("MSA"), a Qualified Domestic Relations Order ("QDRO")[2] and a Final Decree in the Second Judicial District Court on December 8, 1999. *Id.* ¶ 7. As part of the divorce, Carolyn agreed to take half of the fund's balance at the time, plus a lump sum. *Id.* ¶ 8. In exchange, the rest of the fund became William's sole property. *Id.* ¶¶ 8-9. Carolyn received her share of the fund "sometime after the divorce." *Id.* ¶ 9. But, William never changed the beneficiary named in the SIP. *Id.* ¶ 13.

William passed away on July 27, 2016. *Id.* ¶ 10. He appointed his sister, Tatiana Wallace, as his Personal Representative and named her as the sole beneficiary of his estate. *Id.* As part of her duties as the Personal Representative, Tatiana submitted a final accounting of the assets of the estate in probate court. *Id.* ¶ 11. In December 2017, she sent Sandia a demand for payment in full of the SIP balance. *Id.* ¶ 12. Sandia refused, because the named beneficiary is Carolyn. *Id.*

---

[1] The Court takes the following facts from the First Amended Complaint, understanding that Defendant may dispute them, to provide background for its decision.

[2] A "Qualified Domestic-Relations Order" is "A state-court order or judgment that relates to alimony, child support, or some other state domestic-relations matter and that (1) recognizes or provides for an alternate payee's right to receive all or part of any benefits due a participant under a pension, profit-sharing, or other retirement benefit plan, (2) otherwise satisfies § 414 of the Internal Revenue Code, and (3) is exempt from the ERISA rule prohibiting the assignment of plan benefits." Black's Law Dictionary (10th ed. 2014).

¶ 13. Tatiana accordingly turned to Carolyn with her demand for payment. *Id.* ¶ 16. Carolyn promised to "'think about it.'" *Id.* ¶ 17. This lawsuit followed.

## II.     Procedural History

Plaintiff filed her complaint in state court on June 4, 2018. Doc. 1-1 at 1. Plaintiff filed a First Amended Complaint on July 29, 2018. Doc. 1-1 at 11. The FAC brings causes of action under state tort law: Unjust Enrichment; Constructive Trust; Conversion of Property; and Punitive Damages. FAC at 3-6. On August 9, 2018, Defendant removed the case to federal court. Doc. 1. In her Notice of Removal, Defendant argued that the administration of the retirement fund is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Doc. 1 ¶ 12. Defendant alleged that, because ERISA completely preempts any state-law claim within its scope, removal to federal court is proper. *Id.* ¶¶ 18-19.

Plaintiff filed the instant motion to remand on September 21, 2018. Doc. 10. In the motion, she argues that she seeks an order to compel Defendant to pay her, not an order to compel the plan administrator to take any action. Doc. 11 at 2-3. ERISA does not apply, she reasons, because the distribution of funds from a plan administrator is not at stake. *Id.* at 3. Defendant filed a response in opposition to the motion to remand. Doc. 17. In her response, Defendant alleges that the plan administrator has not distributed the funds to Defendant. *Id.* at 6. Instead, according to Defendant, the plan administrator placed a hold on the distribution until either: "(1) the parties come to an agreement as to the ERISA beneficiary designations . . . or (2) this Court interprets the ERISA 401K Plan documents, including the QDRO, to determine the appropriate ERISA beneficiaries to the ERISA 401K Plan." *Id.* Therefore, according to Defendant, to resolve this suit requires a court to interpret ERISA Plan documents, including the QDRO, pursuant to federal law. *Id.*

In reply, Plaintiff reiterates her stipulation that "the administrator of a plan covered by

3

ERISA must distribute the proceeds to the designated beneficiary." Doc. 18 at 3. "Likewise, the Plaintiff acknowledges that the Defendant is the beneficiary designated in the beneficiary designation form." *Id.*

### III. Legal Standard

An action is removable from state court if the federal district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "One category of cases over which the district courts have original jurisdiction are 'federal question' cases; that is, those cases 'arising under the Constitution, laws, or treaties of the United States.'" *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (quoting 28 U.S.C. § 1331). "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Id.* "The 'well-pleaded complaint rule' is the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts." *Id.*

The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "By omitting federal claims from a complaint, a plaintiff can guarantee an action will be heard in state court." *Qwest Corp. v. City of Santa Fe*, 380 F.3d 1258, 1264 n.1 (10th Cir. 2004). "Under the 'artful pleading' doctrine, however, a plaintiff may not defeat removal by failing to plead federal questions that are essential elements of the plaintiff's claim." *Turgeau v. Admin. Review Bd.*, 446 F.3d 1052, 1060 (10th Cir. 2006). "[T]o invoke federal-question jurisdiction, [Defendant] must meet its burden and show that at least one of two recognized exceptions to the well-pleaded complaint rule is applicable—either (1) that [Plaintiff]'s state-law claims are completely preempted, or (2) there is a substantial, disputed federal-law issue necessarily embedded in [Plaintiff]'s state-law claims." *Devon Energy Prod.*

4

*Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1203-04 (10th Cir. 2012) (footnotes omitted).

Under the doctrine of complete preemption, "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Taylor*, 481 U.S. at 63-64. ERISA is one such action by Congress. *Id.* Courts must nonetheless be cautious in evaluating ERISA preemption arguments. *Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1153 (10th Cir. 2004). ERISA implicates two different types of preemption: conflict preemption and complete preemption. *Id.* ERISA § 514, codified at 29 U.S.C. § 1144, is a conflict-preemption provision. *Id.* It "contains an express preemption provision that provides that ERISA 'shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan' covered by ERISA." *Id.* On the other hand, ERISA § 502(a), codified at 29 U.S.C. § 1132, implicates complete preemption. *Id.* at 1154. Section 502(a) provides a cause of action to any plan beneficiary or participant to recover benefits due under the terms of a pension plan, to enforce rights under the terms of the plan, or to clarify rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a). Lawsuits that "purport[] to raise only state law claims" are removable to federal court if they assert "causes of action within the scope of the civil enforcement provisions of § 502(a)." *Taylor*, 481 U.S. at 66-67. "[T]he preemptive force of § 502(a) of ERISA is so 'extraordinary' that it converts a state claim into a federal claim for purposes of removal and the well-pleaded complaint rule." *Felix*, 387 F.3d at 1156. "Although courts and parties often confuse § 514 preemption with § 502(a) complete preemption, the Supreme Court has held that the two are distinct concepts, with only the latter supporting removal." *Id.*

The Tenth Circuit refers to the other exception to the well-pleaded complaint rule as the "substantial-federal-issue theory." *Devon*, 693 F.3d at 1210. "[T]o establish federal-question jurisdiction under [this] test, a state-law claim (1) must necessarily raise a federal claim that is both (2) actually disputed and (3) substantial; and (4) that may be resolved in a federal forum without disturbing the balance of federal and state judicial responsibilities." *Id.* at 1208. "This formulation ensures that the presence of a federal issue is not necessarily a password opening federal courts to any state action embracing a point of federal law." *Id.* (alterations and internal quotation marks omitted).

## IV. Analysis

Plaintiff is the master of her own complaint and she has deliberately avoided pleading federal claims. Neither exception to the well-pleaded complaint rule applies in this case. Complete preemption under ERISA does not form a basis for removal, because Plaintiff lacks standing to sue under § 502(a) as she is neither a participant nor a beneficiary of an ERISA plan. And the "substantial-federal-issue theory" does not apply due to Plaintiff's concession that Defendant is the sole beneficiary of the ERISA plan. Nonetheless, because Plaintiff's own complaint invoked ERISA and was ambiguous, she is not entitled to attorney's fees. The removal was not objectively unreasonable.

### A.   Complete Preemption Does Not Apply.

Defendant's Notice of Removal invokes ERISA § 502(a) and complete preemption as the basis for removal in this case. Doc. 1 ¶ 18. But "a state law claim is only 'completely preempted' under *Taylor* if it can be recharacterized as a claim under § 502(a)." *Felix*, 387 F.3d at 1156. The central question presented by Plaintiff's motion is thus whether her claim can be characterized as a claim under § 502(a). That section provides:

A civil action may be brought--

(1) by a participant or beneficiary--

. . .

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . .

29 U.S.C. § 1132(a).

Plaintiff's claim cannot be recharacterized as a § 502(a) claim because she lacks standing to sue under this provision. She is neither a participant nor a beneficiary of an ERISA plan. Defendant's Notice of Removal alleges that Plaintiff asserts a civil action under § 502(a) as both the: "(1) participant in the ERISA governed Sandia Corporation Savings and Income Plan, through her capacity as the Personal Representative of William O. Wallace, Jr.'s estate, and also as (2) the beneficiary of the ERISA governed Sandia Corporations Savings and Income Plan." Doc. 1 ¶ 20. These allegations fail to establish that Plaintiff falls within the statutory definition of the respective terms.

A "participant" is "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). Plaintiff was never an "employee" of Sandia or a "member" of a relevant "employee organization." Although it appears that some courts have granted "participant" standing to the personal representative of the estate of a "participant," this question of whether the estate's personal representative should have standing is not implicated in this case. Plaintiff does not bring this action on behalf of the estate to assert the estate's rights to certain benefits; she sues in her individual capacity as a beneficiary of the estate to recover the

7

funds for herself. *See McKinnon v. Blue Cross & Blue Shield of Alabama*, 935 F.2d 1187, 1191 n.4 (11th Cir. 1991) ("[Plaintiff']s argument that she is a participant or beneficiary . . . fails to take into account that she is a plaintiff in this action in her individual capacity and not in her fiduciary capacity as personal representative of her father's estate.").

Nor is Plaintiff a "beneficiary" of an ERISA plan. A "beneficiary" is "a person designated by a participant . . . who is or may become entitled to a benefit" under the plan. *Id.* § 1002(8). Plaintiff explicitly and consistently disclaims all rights to that status. *See, e.g.*, Doc. 18 at 3 ("[T]he Plaintiff has agreed that the administrator of a plan covered by ERISA must distribute the proceeds to the designated beneficiary. Likewise, the Plaintiff acknowledges that the Defendant is the beneficiary designated in the beneficiary designation form." (citation omitted)). The complaint's factual allegations are consistent with these assertions in the motion to remand. Not once does the complaint describe Plaintiff as the beneficiary of an ERISA plan. Instead, it alleges that Plaintiff's entitlement to the funds springs from "the collective terms of the MSA, QDRO and Decedent's Last Will and Testament." FAC ¶ 11.

Plaintiff could also potentially gain ERISA standing if she were an "alternate payee" under the QDRO. *See* 29 U.S.C. § 1056(d)(3)(J) ("A person who is an alternate payee under a qualified domestic relations order shall be considered for purposes of any provision of this chapter a beneficiary under the plan."). In her complaint, however, Plaintiff never claims to be a payee under the relevant QDRO. She only claims that William's marital settlement agreement and QRDO contemplated that William's retirement funds be split between him and Defendant, and that Defendant has already received her share. FAC ¶¶ 8-9. Plaintiff's allegation that Defendant is contractually obligated to transfer William's share to his estate once she receives those funds is insufficient to make Plaintiff an alternate payee. "The term 'alternate payee'

8

means any spouse, former spouse, child, or other dependent of a participant who is recognized by a domestic relations order as having a right to receive all, or a portion of, the benefits payable under a plan with respect to such participant." 29 U.S.C. § 1056(d)(3)(K). Plaintiff is not a spouse, former spouse, child, or other dependent of a participant. Nor does either party allege that the QDRO recognizes Plaintiff as having a right to receive any of the benefits payable under the ERISA plan. Therefore, the existence of the QRDO does not confer standing on Plaintiff to sue under § 502(a).

Since Plaintiff lacks standing to sue under ERISA, complete preemption does not apply. *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1226 (10th Cir. 2011). It may be the case that Defendant can show that the marital settlement agreement and the will are in conflict with the terms of an ERISA plan, and so must give way to the ERISA plan. Conflict preemption, however, is not a sufficient basis for removal. *Felix*, 387 F.3d at 1156. The Court lacks subject-matter jurisdiction over Plaintiff's claims.

B. The "Substantial-Federal-Issue Theory" Does Not Apply.

Defendant argues that, under the "artful pleading doctrine," Plaintiff's complaint necessarily implicates "highly critical federal questions" regarding the interpretation of the ERISA plan documents and the divorce documents, including the QDRO. Doc. 17 at 4-6. As explained above, a plaintiff "cannot thwart federal court jurisdiction by simply pleading only state-law claims when federal questions are essential elements of its claims." *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1203 (10th Cir. 2012) (internal quotation marks and alterations omitted). For Defendant to establish federal-question jurisdiction through an argument that Plaintiff's claim necessarily raises federal questions, Plaintiff's "state-law claim (1) must necessarily raise a federal claim that is both (2) actually disputed and (3)

9

substantial; and (4) that may be resolved in a federal forum without disturbing the balance of federal and state judicial responsibilities." *Id.* at 1208.

Defendant's argument fails step two. This doctrine is inapplicable in light of Plaintiff's concession that she is not a beneficiary of the SIP. The interpretation of the ERISA plan is not "actually disputed." Both parties agree that Defendant is the named beneficiary of the SIP and the funds are to be distributed to Defendant. Doc. 1 ¶¶ 6, 9-10; Doc. 18 at 3.

Given Plaintiff's disclaimer of ERISA beneficiary status and the fact that Defendant does not possess the funds Plaintiff seeks, Defendant asserts that Plaintiff's lawsuit is unripe and subject to dismissal. Doc. 17 at 2-3. Perhaps so, but the Court is presently concerned with the issue of jurisdiction, not ripeness. Plaintiff is master of her complaint and if she wishes to file a lawsuit the state court may dismiss as unripe, she may. *See Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 189 (5th Cir. 2001) (removal is not proper just because plaintiff brings an invalid state claim when it would have had a valid federal one). Any issue of ripeness lies within the province of a New Mexico state court. It is not a proper ground for removing a case to federal court.

C. Plaintiff Is Not Entitled to Attorney's Fees.

Although Plaintiff's motion to remand is granted, her request for attorney's fees is denied. "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

Plaintiff's own complaint expressly invoked ERISA as the governing law and acknowledged that "ERISA takes precedence over state law . . . ." FAC ¶¶ 14-15. Defendant's removal of an ambiguous complaint is not objectively unreasonable.

## V. Conclusion

Plaintiff's Motion To Remand To State Court For Lack Of Subject Matter Jurisdiction (Doc. 10) is **GRANTED**. This case is therefore remanded to the Second Judicial District Court of New Mexico.

**IT IS SO ORDERED.**

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE
Presiding by consent